# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| DERMONT LADALE BROUSSARD | ) | |
| | ) | |
| Petitioner, | ) | No. 06-cv-1192 |
| | ) | |
| v. | ) | |
| | ) | |
| R V VEACH, | ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N & O R D E R

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on July 31, 2006.  [Doc. 1]  On October 24, 2006, Respondent filed a Response to the Petition.  [Doc. 7]  And on November 9, 2006, Petitioner filed a Traverse to the Response.  [Doc. 8]  For the reasons stated below, the Petition is DENIED, and this case is TERMINATED.

## I.      BACKGROUND

Petitioner, Dermont Ladale Broussard, is currently incarcerated at the Federal Correctional Institution in Pekin, Illinois (FCI Pekin), serving a sentence of 271 months of imprisonment after being convicted in the United States District Court for the District of Minnesota of conspiracy to possess and distribute cocaine and of the use of a firearm in the trafficking of drugs, in violation of federal law. Petitioner arrived at FCI Pekin on June 4, 2003.  Upon his arrival, he received a copy of the Admissions and Orientation (A&O) Handbook.  The Handbook describes to inmates what acts are prohibited, as well as the disciplinary measures that could

be administered as a consequence of performing prohibited acts.  One prohibited act included in the A&O Handbook is the "Use of the Telephone for Abuses Other Than Criminal Activity," identified as Code 297.  (See A&O Handbook at p. 43, located in the Government's Appendix at App. 22)  The Handbook states that "circumventing telephone monitoring procedures [and] possession and/or use of another inmate's PIN number" are examples of conduct that will violate Code 297.  (Id.)

On January 17, 2006, an officer at FCI Pekin determined that Petitioner was talking on a prison telephone using the telephone account of another inmate. (1/17/2006 Incident Report ¶ 11, at Gov't App. 27).  The officer was monitoring a call on the account of inmate Willie Smith, Registration Number 59847-079, and recognized the voice on the call as Petitioner's.  When the officer went to the housing unit to investigate, Petitioner was heard, on the recording of the phone call in question, hurriedly saying "I got to go, bye."  (Id.)  When the officer arrived at the phone bank, Petitioner was located nearby and no other inmates were using the phones.  Later that day, an incident report was issued and given to Petitioner. When a lieutenant handed Petitioner a copy of the incident report, Petitioner stated, "I was on the phone using Smith's PAC number."[1]  (1/17/2006 Incident Report, Part III ¶ 24, at Gov't App. 29)

On January 18, 2006, the Unit Disciplinary Commission (UDC) considered the incident report and referred the matter to the Discipline Hearing Officer (DHO)

---

[1] As Respondent's brief indicates, "PAC" and "PIN" number are used interchangeably at the prison to describe the number prisoners must enter to make a telephone call.

due to the severity of the reported violation.  On the same day, Petitioner was notified of the UDC's action and indicated that he did not want the assistance of a staff representative or want to call witnesses at the due process hearing before the DHO.  (1/18/2006 Notice of Disciplinary Hearing, at Gov't App. 30)

On February 9, 2006, the DHO, after a hearing, considered the evidence and found that Petitioner had violated Code 297.  (Discipline Hearing Officer Report, at Gov't App. 32)  The DHO ordered that Petitioner forfeit twenty-seven days of good time credit, serve thirty days in disciplinary segregation—suspended pending 180 days of clear conduct, serve a 180-day suspension of visiting privileges, and serve a two-year suspension of phone privileges.  (Id. at Gov't App. 33)  Petitioner appealed the DHO's decision to the North Central Regional Office and the Regional Office denied the appeal on March 29, 2006.  Petitioner then appealed the Regional Office's denial to the Central Office, which, on May 24, 2006, denied the appeal.  On July 31, 2006 Petitioner filed for a Writ of Habeas Corpus in this Court, alleging a violation of due process under the Fifth Amendment.

## II.     DISCUSSION

As an initial matter, it is undisputed that Petitioner has exhausted his administrative remedies.  Therefore, the Court can consider the merits of Petitioner's claims.  The Court must uphold the DHO's decision as long as there is "some evidence" in the record to support the DHO's factual findings and as long as the DHO's ultimate determination was reasonable.  Superintendent v. Hill, 472 U.S. 445, 454 (1985); Henderson v. U.S. Parole Comm'n, 13 F.3d 1073, 1077 (7th

3

Cir. 1994).  Petitioner alleges that he was denied due process because (1) the Bureau of Prisons (BOP) and prison officials failed to notify him that his use of another inmate's telephone account was prohibited; (2) the disciplinary measures that the DHO imposed upon him for his Code 297 violation diverged from standard BOP policy and from punishments imposed in instances of Code 297 violations by other inmates.

There is certainly "some evidence" to support the DHO's finding that Petitioner used a prison telephone on another inmate's telephone account. Petitioner confessed to as much when he stated to a lieutenant on January 17, 2006 that, "I was on the phone using Smith's PAC number."  (1/17/2006 Incident Report, Part III ¶ 24, at Gov't App. 29)  Additionally, prison officials identified Petitioner's voice in a monitored telephone call placed under inmate Willie Smith's account number.  (1/17/2006 Incident Report ¶ 11, at Gov't App. 27)  The DHO's determination was not only reasonable, it was correct.

With respect to Petitioner's due process claim, the first question is whether Petitioner was given adequate notice that his action of participating in a telephone call placed under another inmate's PIN number was prohibited and punishable. The Court finds that the A&O Handbook that Petitioner was given upon his arrival at FCI Pekin contained adequate notice that Petitioner's action was subject to discipline.  Petitioner does not dispute that he received this handbook and he does not contend that the handbook was unavailable to him upon request.  Instead he

argues that he could not reasonably have expected that the language of Code 297 could be applied to his actions.

Petitioner seems to be focused on the fact that he did not initially place the call in question.  Rather, as Petitioner makes clear, inmate Smith initially placed the call and handed the phone over to Petitioner.  (See Petition for Writ at section IV(A))  What Petitioner fails to understand is that his act of substituting himself for Smith on the phone call was reasonably construed by the DHO as a Code 297 violation even if Smith consented to the substitution.  Smith's consent makes no difference.  In taking the phone from Smith, he was "using" another inmate's PIN number and "circumventing telephone monitoring procedures."  (See A&O Handbook at p. 43, at Gov't App. 22).  The fact that Petitioner disagrees with the reasonable application of Code 297 to his actions on January 17, 2006 does not constitute a due process violation.

The second question is whether the punishment that the DHO imposed on Petitioner for the Code 297 violation was incongruent with punishments imposed in similar cases.  Specifically, Petitioner asserts that the DHO acted contrary to BOP policy in disciplining him.  Petitioner's contention is without merit.  The disciplinary measures imposed upon Petitioner are allowed under 28 C.F.R. § 541.13(a)(2) & Table 3 and are expressly provided for in the A&O Handbook.  (See A&O Handbook at pp. 38-39, at Gov't App. 17-18.)  Further, Petitioner points to no other incident in which an inmate committed a similar Code 297 violation and received a significantly less severe punishment.

### III.   CONCLUSION

For the reasons stated above, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DENIED.

CASE TERMINATED.

ENTERED this <u>23rd</u> day of September, 2008.

<u>s/ Joe B. McDade</u>
Joe Billy McDade
United States District Judge
